IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IRMA PENN | * |
| | * |
| PLAINTIFF | * |
| VS. | * CIVIL ACTION NO. _____ |
| | * |
| NCO FINANCIAL SYSTEMS, INC. | * COMPLAINT AND |
| | * DEMAND FOR A JURY TRIAL |
| DEFENDANT | * |

**COMPLAINT**

I. Introduction

1.  This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3.  Plaintiff, Irma Penn ("Ms. Penn" or "plaintiff"), is a natural person who resides in East Baton Rouge Parish and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.  Defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO" or "defendant") is a foreign corporation whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808. NCO, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt

collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. On or about January 15, 2010, NCO mailed a letter to Ms. Penn regarding a debt she allegedly owes to Baton Rouge Medical Center in the amount of approximately $541.79.

6. This alleged debt arose from medical services provided to Ms. Penn which were solely for personal purposes and if owed, was in default at the time NCO sent this letter to plaintiff.

7. On or about January 26, 2010, Ms. Penn spoke with NCO about this alleged debt.

8. NCO informed Ms. Penn that she owed approximately $3000 to Baton Rouge General Medical Center and not just the $541.79 referenced in its January 15, 2010 letter.

9. NCO then informed Ms. Penn that it was going to garnish her wages and that it had people ready to do this.

10. NCO is not licensed to practice law in Louisiana and had no authority to garnish Ms. Penn's wages at the time of this conversation.

11. NCO was and is one of the largest collection agencies in the United States and attempts to collect thousands of accounts every year on behalf of creditors such as the Baton Rouge General Medical Center.

12. At the time of this conversation, no suit had been filed against Ms. Penn nor was there a judgment against her for this alleged debt.

### **DEFENDANT'S PRACTICES**

13. Defendant NCO violated numerous provisions of the FDCPA including but

not limited to sections 1692e, 1692e(5), and 1692e(10).

14. Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which she should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in her favor and against Defendant NCO Financial Systems, Inc. for:

    a. Additional damages;

    b. Actual damages;

    c. Attorney fees, litigation expenses and costs; and

    d. Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

BY ATTORNEY:

_____
**GARTH J. RIDGE**
Bar Roll Number 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-Mail Address: GarthRidge@aol.com